UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| EDDIE SAMS | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-314 |
| | ) | |
| GREENE COUNTY DETENTION CENTER | ) ) | |

**MEMORANDUM and ORDER**

Proceeding *pro se*, Eddie Sams, a former prisoner in the Greene County Detention Center (GCDC), brings this civil rights complaint and amended complaint under 42 U.S.C. § 1983, alleging that his constitutional rights were violated during and by his incarceration.

He lists his claims, as follows:

"incorrect paperwork, two many poeple (sic) in pods unsanitizing not enough hot water for everyone to bath to cold in pods, not ser[ve]of meals, I was atake (sic) by 5 imates."

The plaintiff expands on his first and last claims (i.e., the incorrect-paperwork and attack-by-five-inmates claims) by maintaining that he was sentenced to ten days in jail; that, when he informed the judge that he had served fifteen days already, "they had know (sic) recode [record?];" that, during those fifteen days, he was assaulted by five inmates; and that the authorities responded by moving him to a private cell, without first asking him what he wanted to do about it. He further complaints that, as a result of the attack, he has a "note"

[knot?] on his side that needs to be excised, but that, because he was incarcerated and could not go to work, he lost his job and, therefore, cannot afford to pay for the necessary surgery. For these alleged events and conditions, he seeks damages and various forms of injunctive relief.

Since the plaintiff was a prisoner when this case was filed, the complaint must be screened and must be dismissed if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2) and § 1915A.

As an initial matter, the only defendant named by the plaintiff is a non-suable entity. The Greene County Detention Center is a building, and not a "person" who can be sued under § 1983. *See Monell v. Department of Social Services*, 436 U.S. 658, 688-90 (1978); *Cage v. Kent County Correctional Facility*, 1997 WL 225647, **1 (6th Cir. May 1, 1997) (jail is not a suable entity).

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). Prison officials must provide humane conditions of confinement, including adequate shelter. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). While comfortable prisons are not mandated and though restrictive or even harsh conditions do not violate the Eighth Amendment, a prisoner may not be subjected to a condition which strips him of the bare necessities of life. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Also relevant in determining the constitutionality of a specific condition is the length of time an inmate is subjected to it. *Bell v. Wolfish*, 441 U.S. 520, 543 (1979) ("Our conclusion [that double-bunking is constitutionally permissible] is further buttressed by the detainees' length of stay.... Nearly all of the detainees are released within sixty days."); *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."). Put simply, "temporary inconveniences and discomforts" do not rise to the level of a constitutional violation. *Adams v. Pate*, 445 F.2d 105, 108-09 (7th Cir. 1971).

To prevail on a conditions-of-confinement claim, a prisoner must show that he suffered an objective, sufficiently serious deprivation (i.e., one that results in the denial of the minimal civilized measure of life's necessities) and that a prison official was deliberately indifferent to a substantial risk of serious harm. *Farmer*, 511 U.S. at 834 and 842. To establish deliberate indifference, a plaintiff must show that a defendant was aware of facts from which he could infer that such a risk existed <u>and</u> that he actually drew that inference. *Id.*, at 837.

Applying the standards above, the Court finds that the plaintiff's allegations concerning overcrowding and inadequate sanitation, warmth, hot water, and meals do not show a deprivation resulting in a denial of the minimal civilized measure of life's necessities. First of all, plaintiff makes no allegations as to the temperature inside the cell or outdoors. Secondly, though he claims that there are "too many" inmates in the pods, he has not

3

specified the capacity of the pod or the number of inmates currently housed there or provided any description of the claimed overcrowding whatsoever. Moreover, he indicates that the length of time he spent in the jail was fifteen days, which would have limited his exposure to the alleged wrongful conditions to that short period. *See Dean v. Campbell*, 1998 WL 466137 (6th Cir. July 30, 1998) (An inmate's allegation of cold temperatures in his cell for a short period of time does not constitute an extreme deprivation); *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997) (observing that it is not just the severity but also the duration of the condition, which determines whether a particular condition is unconstitutional). Finally, the plaintiff has not furnished any description of the complained-of unsanitary condition(s) or made any allegations to demonstrate that the problems with the meals or hot water were of such a nature as to constitute serious deprivations.[1]

However, assuming—but not finding—that the alleged conditions divested plaintiff of the basic essentials of life, there is nothing in the pleading to indicate that any individual or suable entity knew about those conditions or had any idea that they posed a substantial risk of serious harm to the plaintiff or other GCDC prisoners. Put simply, there is no evidence of deliberate indifference. While the plaintiff may have experienced some discomfort from the alleged conditions of confinement, those were temporary inconveniences

---

[1] Aside from whether the plaintiff has alleged a sufficiently serious deprivation, his contentions are conclusory because he has not elaborated on the facts and circumstances surrounding the alleged conditions. Conclusory allegations, as are these, do not state a claim for relief under § 1983, *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987), and they could be dismissed on this basis alone.

4

which do not rise to the level of a constitutional violation.

The plaintiff's purported assault, however, cannot be characterized as either temporary or an inconvenience. Still, it remains that he has pled nothing from which to draw an inference of deliberate indifference with respect to that incident. Indeed, he has pled just the opposite by claiming that, when a jailer saw the assault, he took him to the nurse's station, and then he and another jailer moved the plaintiff to a private cell, where he stayed for the two days prior to his release. When jail authorities are aware of a substantial danger to an inmate's health or safety and do not disregard it but, instead, take reasonable measures to eliminate or avert the risk, there is no deliberate indifference, "even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 830.

The plaintiff's last contention that the paperwork involving credit for the time he served in jail was inaccurate cannot be addressed in a civil rights action under § 1983. This is so because those allegations relate directly to the fact and duration of his physical confinement and, thus, his sole federal remedy in that regard is to seek a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). And since the plaintiff is also seeking damages in connection with these particular claims, it is well-settled law that, in an action for damages, if a judgment in favor of the plaintiff would necessarily imply the invalidity of his state court conviction or sentence, his § 1983 complaint must be dismissed, unless he can demonstrate that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

If the plaintiff were to prevail against on his allegations concerning his illegal confinement, this would necessarily imply that his conviction was invalid. Since he does not allege, and it does not appear, that his conviction has been ruled invalid, he has suffered no cognizable injury at this time, and his § 1983 claim for damages cannot stand.

As a final matter, the plaintiff has filed two motions to amend his amended complaint, insisting that the way he was treated violates his rights as a United States citizen and as a taxpayer; that he had performed a great deal of legal research; and that he would like to "get this mess clean[ed] up" and to "add more to this case." To the extent that the contentions in those motions relate to his earlier allegations of wrongful conditions and treatment in the GCDC, the Court has already found those allegations factually and legally deficient. If, on the other hand, the assertions in the motions involve the fact and duration of his confinement, those claims cannot proceed under the rules in *Preiser* and *Heck*. Because it would be futile to amend the complaint to incorporate allegations which are doomed from the start, the plaintiff's motions to amend (Docs. 8, 11) are **DENIED**. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (A proposed amendment may be denied for, among other reasons, "futility of amendment.").

For all the above reasons, a separate order of dismissal will enter.

ENTER:

s/ Leon Jordan
United States District Judge